Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
Thomas E. Wheeler (SBN 308789)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St. Suite 780,
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
abacon@attorneysforconsumers.com
mgeorge@toddflaw.com
twheeler@toddflaw.com
*Attorneys for Plaintiffs, Larriel Williams and Lalonie Williams*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRIEL WILLIAMS and LALONIE WILLIAMS, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>    vs.<br><br>PEPSICO INC. d/b/a SPITZ INTERNATIONAL, and DOES 1-10, inclusive,<br><br>        Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>(1)  Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17500 *et seq.*) and<br>(2)  Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17200 *et seq.*)<br>(3)  Violation of Consumer Legal Remedies Act (Cal. Civ. Code §§ 1750 *et seq.*)<br>(4)  Strict Liability (Violation of Federal Food Drug and Cosmetic Act, 21 U.S.C. § 342(a), and California's Sherman Food, Drug, and Cosmetic Laws, California Health and Safety Code §109875 *et. seq.*)<br>(5)  Negligence and Negligence Per Se<br>(6)  Intentional Infliction of Emotional Distress<br><br>**Jury Trial Demanded** |

Plaintiffs    LARRIEL    WILLIAMS    and    LALONIE    WILLIAMS ("Plaintiffs"), on behalf of themselves and all others similarly situated, allege as follows:

### NATURE OF THE ACTION

1.      Plaintiffs bring this class action Complaint against Defendant PEPSICO INC. d/b/a SPITZ INTERNATIONAL (hereinafter "Defendant" or "Spitz") to stop Defendant's practice of falsely advertising and selling its product, Spitz Sunflower Seeds, ("the Product") as an edible consumer good when the Product in fact contains maggots and dirt that render the product inedible and dangerous for consumption.

2.      Plaintiffs bring this class action Complaint to obtain redress for a nationwide class of consumers ("Class Members") who purchased, within the applicable statute of limitations period, one of the Products produced and sold by Defendant.

3.      Defendant is a North Carolina corporation, with its headquarters in New York, that is engaged in the production, sale, and distribution of food products nationwide.

4.      Defendant represents that its Product is an edible food product that is safe to consume.

5.      Plaintiffs and others similarly situated purchased the Products with the intent to consume them.

6.      Defendant misrepresented and falsely advertised to Plaintiffs and others similarly situated that the Product was an edible consumer good when the Product in fact contained maggots and dirt that render the product inedible and dangerous for consumption contrary to how they were advertised.

7.      Upon information and belief, Defendant has been fully aware that the Product contained such defects rendering it inedible.

CLASS ACTION COMPLAINT

8.     Defendant's misrepresentations to Plaintiffs and others similarly situated caused them to purchase these Products, which Plaintiffs and others similarly situated would not have purchased absent these misrepresentations by Defendant and its employees. In so doing, Defendant has violated California consumer protection statutes.

9.     Plaintiff is informed and believes and based upon such information and belief alleges that Defendant knew or should have known of the probable dangerous consequences of rodent contamination from its conduct in producing the Products in defective, unsafe, and dangerous conditions.  Defendant is in the business of manufacturing, distribution, and selling ready-to-consume beverages for consumption by consumers with no further steps.  By failing to adequately supervise, control, or otherwise provide for the quality and standards of its Products, Defendant willfully and negligently exposed Plaintiff to contamination in its products through the presence of a rodent contained within the Product.

**NATURE OF THE CASE & COMMON ALLEGATIONS OF FACT**

10.     Consumers purchase Products with the intent of consuming them for sustenance and enjoyment.

11.     Consumers rely on the representations and advertisements of retailers in order to know which products to purchase.

12.     Defendant is a producer that is engaged in the producing, marketing, supplying and distributing of Products advertised to be edible and safe sunflower seeds, when in fact the Product contains maggots and dirt that render the product inedible and dangerous for consumption.

13.     Defendant profits from the sale of the Products advertised as edible sunflower seeds. Without that advertisement, consumers would not have purchased the Products because the purpose for purchasing the Products is to consume and enjoy them, which they are unable to do due to the maggots and dirt.

CLASS ACTION COMPLAINT

14.     In actual fact, the Products contain maggots and dirt that render the product inedible and dangerous for consumption contrary to how Defendant advertises them.

15.     Consumers are unable to ascertain that the Products will be inedible and dangerous based on the advertising and representations of Defendant.

16.     Defendant makes written representations to consumers which contradict the actual nature of the Product, namely that it contains maggot and dirt that renders it inedible.

17.     The aforementioned written and oral representations are objectively false, and constitute a false advertisement under Cal. Bus. & Prof. Code §§ 17500 et. seq., and an unlawful, unfair, or deceptive business practices under Cal. Bus. & Prof. Code §§ 17200 et. seq.

18.     Defendant's violations of the law include, but are not limited to, the false advertising, marketing, representations, and sale of the defective Products to consumers nationwide.

19.     On behalf of the Class, Plaintiff seeks an injunction requiring Defendant to cease advertising and selling the Products and an award of damages to the Class Members, together with costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

20.     This class action is brought pursuant to Federal Rule of Civil Procedure 23.  All claims in this matter arise exclusively under California law.

21.     This matter is properly venued in the United States District Court for the Central District of California, in that Plaintiffs purchased the Product at a Chevron located at 20320 S. Avalon Boulevard, Carson CA 90746.  Additionally, Plaintiffs reside in the Central District of California and Defendant does business, inter alia, in the Central District of California.

22.     There is original federal subject matter jurisdiction over this matter

pursuant to the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4 (Feb. 18, 2005), by virtue of 28 U.S.C. §1332(d)(2), which explicitly provides for the original jurisdiction of federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from the State of citizenship of any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interests and costs.

23.    In the case at bar, there are at least 100 members in the proposed Class, the total claims of the proposed Class members are in excess of $5,000,000.00 in the aggregate, exclusive of interests and costs, and Plaintiff and the class are citizens of many different states.

## THE PARTIES

24.    Plaintiffs Larriel Williams and Lalonie Williams are each a citizen and resident of the State of California, County of Los Angeles.

25.    Defendant PEPSICO INC. d/b/a SPITZ INTERNATIONAL is a corporation with its principal place of business and headquarters located in New York.  Defendant is a North Carolina Corporation.  Defendant conducts a large share of its business within California.

26.    Plaintiffs are informed and believe, and thereon allege, that each and all of the acts and omissions alleged herein were performed by, or is attributable to, Defendant and/or its employees, agents, and/or third parties acting on its behalf, each acting as the agent for the other, with legal authority to act on the other's behalf.  The acts of any and all of Defendant's employees, agents, and/or third parties acting on its behalf, were in accordance with, and represent, the official policy of Defendant.

27.    Plaintiffs are informed and believes, and thereon alleges, that said Defendant is in some manner intentionally, negligently, or otherwise responsible

CLASS ACTION COMPLAINT

for the acts, omissions, occurrences, and transactions of each and all its employees, agents, and/or third parties acting on its behalf, in proximately causing the damages herein alleged.

28.     At all relevant times, Defendant ratified each and every act or omission complained of herein.   At all relevant times, Defendant, aided and abetted the acts and omissions as alleged herein.

## PLAINTIFF'S FACTS

29.     On or around February 2, 2016, Plaintiffs purchased the Product from a Chevron located at 20320 S. Avalon Boulevard, Carson CA 90746.

30.     For the Product, Plaintiffs paid more than valuable consideration.

31.     Including taxes and fees, Plaintiffs paid over $2.30.

32.     Defendant advertised the Product as an edible food product that would be enjoyable to consume.

33.     Relying on the assurance that the Product would be edible, Plaintiffs decided to purchase the Product, as they were in the process of shopping for food items in the afternoon. Plaintiffs purchased the Product because of the assurance that the Product was edible and enjoyable.

34.     Upon attempting to eat the Product, Plaintiffs found that the Product contained maggots and dirt that rendered it inedible and unfit for consumption.

35.     Upon discovering this defect, Plaintiffs felt ripped off, cheated by, and damaged by Defendant.

36.     Plaintiffs returned to the Chevron location to complain, and upon doing so, discovered by visual inspection that the other Products sold by Defendant also contained maggots and dirt.  The following is a picture of said contaminated products:

CLASS ACTION COMPLAINT



37.    Such sales tactics as used by Defendant rely on falsities and have a tendency to mislead and deceive a reasonable consumer.

38.    Defendant expressly represented to Plaintiffs, through written statements and advertising, that the Product would be edible and enjoyable.

39.    Further, Defendant made no representations that the Product contained maggots and dirt.

40.    Plaintiffs allege that such representations were part of a common scheme to mislead consumers and incentivize them to purchase Products in spite of the significant defects and problems with the nature of the Products.

41.    Plaintiffs would not have purchased the Product if they knew that the above-referenced statements made by Defendant were false, and that it would contain maggots and dirt.

42.    Had Defendant properly marketed, advertised, and represented the

CLASS ACTION COMPLAINT

Products as containing maggots and dirt, Plaintiffs would not have purchased the Product.

43.     Plaintiffs gave their money to Defendant because of the promised edible and enjoyable nature of the Product. Defendant benefited from falsely advertising the nature of the Product and failing to disclose its serious defects. Plaintiffs received nothing for giving their money to Defendant for the Product, and instead suffered severe disgust and damage instead. Defendant benefited on the loss to Plaintiffs and provided nothing of benefit to Plaintiffs in exchange.

44.     Had Defendant properly marketed, advertised, and represented the Products as being inedible and containing maggots and dirt, no reasonable consumer who purchased the Product would have believed that it was edible, the sole purpose for purchasing the Product.

## CLASS ACTION ALLEGATIONS

45.     Plaintiffs brings this action, on behalf of themselves and all others similarly situated, and thus, seeks class certification under Federal Rule of Civil Procedure 23.

46.     The class Plaintiffs seeks to represent (the "Class") is defined as follows:

> All California Citizens who, between the applicable statute of limitations and the present, purchased one or more Class Products.

47.     As used herein, the term "Class Members" shall mean and refer to the members of the Class described above.

48.     Excluded from the Class are Defendant, its affiliates, employees, agents, and attorneys, and the Court.

49.     Plaintiffs reserve the right to amend the Class, and to add additional subclasses, if discovery and further investigation reveals such action is warranted.

50.     Upon information and belief, the proposed class is composed of

thousands of persons. The members of the class are so numerous that joinder of all members would be unfeasible and impractical.

51.   No violations alleged in this complaint are contingent on any individualized interaction of any kind between class members and Defendant.

52.   Rather, all claims in this matter arise from the identical, false, advertising that the Products were edible and enjoyable, when in fact, such representations were false as the Products contained maggots and dirt.

53.   There are common questions of law and fact as to the Class Members that predominate over questions affecting only individual members, including but not limited to:

(a)   Whether Defendant engaged in unlawful, unfair, or deceptive business practices in selling Class Products to Plaintiffs and other Class Members;

(b)   Whether Defendant made misrepresentations with respect to the Class Products sold to consumers;

(c)   Whether Defendant profited from the sale of the Products;

(d)   Whether Defendant violated California Bus. & Prof. Code § 17200, *et seq*., California Bus. & Prof. Code § 17500, *et seq*., and California Civ. Code § 1750, *et seq*.;

(e)   Whether Plaintiffs and Class Members are entitled to equitable and/or injunctive relief;

(f)   Whether Defendant's unlawful, unfair, and/or deceptive practices harmed Plaintiffs and Class Members; and

(g)   The method of calculation and extent of damages for Plaintiffs and Class Members.

54.   Plaintiffs are members of the class they seek to represent.

55.   The claims of Plaintiffs are not only typical of all class members, they

are identical.

56.     All claims of Plaintiffs and the class are based on the exact same legal theories.

57.     Plaintiffs have no interest antagonistic to, or in conflict with, the class.

58.     Plaintiff are qualified to, and will, fairly and adequately protect the interests of each Class Member, because Plaintiffs bought Class Products from Defendant during the Class Period.   Defendant's unlawful, unfair and/or fraudulent actions concerns the same business practices described herein irrespective of where they occurred or were experiences.   Plaintiffs' claims are typical of all Class Members as demonstrated herein.

59.     Plaintiffs will thoroughly and adequately protect the interests of the class, having retained qualified and competent legal counsel to represent himself and the class.

60.     Common questions will predominate, and there will be no unusual manageability issues.

## FIRST CAUSE OF ACTION

### Violation of the California False Advertising Act

### (Cal. Bus. & Prof. Code §§ 17500 *et seq.*)

61.     Plaintiffs incorporate by reference each allegation set forth above.

62.     Pursuant to California Business and Professions Code section 17500, *et seq.*, it is unlawful to engage in advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading...or...to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

63.     California Business and Professions Code section 17500, *et seq.*'s prohibition against false advertising extends to the use of false or misleading written statements.

64.     Defendant misled consumers by making misrepresentations and untrue statements about the Class Products, namely, Defendant sold the Spitz Sunflower Seeds as an edible product that would be enjoyable to consume, when in fact the Products contained maggots and dirt that rendered the Products inedible, and made false representations to Plaintiff sand other putative class members in order to solicit these transactions.

65.     Defendant knew that its representations and omissions were untrue and misleading, and deliberately made the aforementioned representations and omissions in order to deceive reasonable consumers like Plaintiffs and other Class Members.

66.     As a direct and proximate result of Defendant's misleading and false advertising, Plaintiffs and the other Class Members have suffered injury in fact and have lost money or property.  Plaintiffs reasonably relied upon Defendant's representations regarding the Class Products, namely that the Product would be edible and enjoyable.  In reasonable reliance on Defendant's false advertisements, Plaintiffs and other Class Members purchased the Class Products.  In turn Plaintiff and other Class Members ended up with Products that contained maggots and dirt rending the product inedible, suffering significant disgust at the discovery after having paid reasonable consideration for the Products, and therefore Plaintiff and other Class Members have suffered injury in fact.

67.     Plaintiffs allege that these false and misleading written representations made by Defendant constitute a "scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

68. Defendant advertised to Plaintiffs and other putative class members, through written representations and omissions made by Defendant and its employees, that the Class Products would be edible and enjoyable.

69. Defendant knew that the Class Products in fact contained maggots and dirt rendering the products unsafe to consume.

70. Thus, Defendant knowingly sold Class Products to Plaintiffs and other putative class members that were not consumable, but instead could cause significant harm if consumed.

71. The misleading and false advertising described herein presents a continuing threat to Plaintiffs and the Class Members in that Defendant persists and continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.  Defendant's conduct will continue to cause irreparable injury to consumers unless enjoined or restrained.  Plaintiffs are entitled to preliminary and permanent injunctive relief ordering Defendant to cease their false advertising, as well as disgorgement and restitution to Plaintiffs and all Class Members Defendant's revenues associated with their false advertising, or such portion of those revenues as the Court may find equitable.

## SECOND CAUSE OF ACTION

### Violation of Unfair Business Practices Act

### (Cal. Bus. & Prof. Code §§ 17200 *et seq.*)

72. Plaintiffs incorporate by reference each allegation set forth above.

73. Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL.  Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices.  A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm--that is, evidence that the defendant's conduct caused or was likely to cause substantial

injury. It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm.  Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

## UNFAIR

74.   California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice."   Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.  There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.  Plaintiffs reserve the right to allege further conduct which constitutes other unfair business acts or practices.  Such conduct is ongoing and continues to this date.

75.   In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

76.   Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiffs and members of the Class.  Plaintiffs and members of the Class have suffered injury in fact due to Defendant's decision to sell them falsely described sunflower seeds (Class Products), which contained maggots and dirt rendering them inedible and causing harm if consumed.  Thus, Defendant's conduct has caused substantial injury to Plaintiffs and the members of the Class.

77.   Moreover, Defendant's conduct as alleged herein solely benefits

CLASS ACTION COMPLAINT

Defendant while providing no benefit of any kind to any consumer. Such deception utilized by Defendant convinced Plaintiffs and members of the Class that the Class Products would be edible and enjoyable, in order to induce them to spend money on said Class Products over other alternatives. In fact, knowing that Class Products would be inedible to Plaintiffs and other putative Class Members' devices, Defendant unfairly profited from their sale, in that Defendant knew that the expected benefit that Plaintiffs would receive from the Product was non-existent, when this is typically never the case in situations involving the sale of products intended to provide a benefit. Thus, the injury suffered by Plaintiffs and the members of the Class is not outweighed by any countervailing benefits to consumers.

78. Finally, the injury suffered by Plaintiffs and members of the Class is not an injury that these consumers could reasonably have avoided. After Defendant falsely represented that Class Products were edible and enjoyable, these consumers suffered injury in fact due to Defendant's sale of Class Products to them as the Products were inedible and could cause significant harm if consumed. Defendant failed to take reasonable steps to inform Plaintiffs and class members that the Class Products were inedible. As such, Defendant took advantage of Defendant's position of perceived power in order to deceive Plaintiffs and the Class members to purchase sunflower seeds that were defective. Therefore, the injury suffered by Plaintiffs and members of the Class is not an injury which these consumers could reasonably have avoided.

79. Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

**FRAUDULENT**

80. California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice." In order to prevail under the "fraudulent"

prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

81.     The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived.  Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

82.     Here, not only were Plaintiffs and the Class members likely to be deceived, but these consumers were actually deceived by Defendant.  Such deception is evidenced by the fact that Plaintiffs agreed to purchase Class Products under the basic assumption that it would be edible, even though the Product actually contained maggots and dirt that rendered it inedible.  Plaintiffs' reliance upon Defendant's deceptive statements is reasonable due to the unequal bargaining powers of Defendant and Plaintiffs. For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of the public.

83.     As explained above, Defendant deceived Plaintiffs and other Class Members by representing the Class Products as being edible and enjoyable when they actually were inedible and could cause significant harm if consumed.

84.     Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

## UNLAWFUL

85.     California Business and Professions Code Section 17200, et seq. prohibits "any unlawful…business act or practice."

86.     As explained above, Defendant deceived Plaintiffs and other Class Members by representing the Class Products as being edible when they actually contained maggots and dirt that rendered them inedible and unsafe to consume.

87.     Defendant used false advertising, marketing, and misrepresentations

to induce Plaintiffs and Class Members to purchase the Class Products, in violation of California Business and Professions Code Section 17500, et seq. Had Defendant not falsely advertised, marketed or misrepresented the Class Products, Plaintiffs and Class Members would not have purchased the Class Products. Defendant's conduct therefore caused and continues to cause economic harm to Plaintiffs and Class Members.

88. These representations by Defendant are therefore an "unlawful" business practice or act under Business and Professions Code Section 17200 *et seq*.

89. Further, Defendant's practices violated the Consumer Legal Remedies Act, as noted below, which also makes its practices unlawful.

90. Defendant has thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiffs and Class Members to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief. Additionally, pursuant to Business and Professions Code section 17203, Plaintiffs and Class Members seek an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to correct its actions.

### THIRD CAUSE OF ACTION

### Violation of Consumer Legal Remedies Act

### (Cal. Civ. Code § 1750 *et seq.*)

### On Behalf Of The Class

91. Plaintiffs incorporate by reference each allegation set forth above herein.

92. Defendant's actions as detailed above constitute a violation of the Consumer Legal Remedies Act, Cal. Civ. Code §1770 to the extent that Defendant violated the following provisions of the CLRA:

a. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have. Cal. Civ. Code § 1770(5);

b. Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another. Cal. Civ. Code § 1770(7);

c. Advertising goods or services with intent not to sell them as advertised; *Cal. Civ. Code* §1770(9);

d. Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; *Cal. Civ. Code* §1770(14); and

e. Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not; *Cal. Civ. Code* §1770(16);

93. On or about August 22, 2016, through their Counsel of record, using certified mail with a return receipt requested, Plaintiffs served Defendant with notice of its violations of the CLRA, and asked that Defendant correct, repair, replace or otherwise rectify the goods and services alleged to be in violation of the CLRA; this correspondence advised Defendants that they must take such action within thirty (30) calendar days, and pointed Defendant to the provisions of the CLRA that Plaintiffs believe to have been violated by Defendants. A true and correct copy of Plaintiffs' CLRA notice letter is attached hereto as Exhibit D.

94. Defendant has not replied to this correspondence, and have thereby refused to timely correct, repair, replace or otherwise rectify the issues raised therein. Plaintiffs have additionally filed the required Venue Affidavit as Exhibit B to this Complaint.

## FOURTH CAUSE OF ACTION
## STRICT LIABILITY

(Violation of Federal Food Drug and Cosmetic Act, 21 U.S.C. § 342(a), and

California's Sherman Food, Drug, and Cosmetic Laws, California Health and Safety Code §109875 *et. seq.*)

**INDIVIDUALLY**

95.     Plaintiffs incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

96.     Defendant is in the business of manufacturing or selling food products or food ingredients, and is in the chain of distribution for the Product. As a result of being the manufacturer of the Products, Defendant is a participant in the enterprise responsible for placing the Product in the stream of commerce and, thus, subject to strict liability under the laws of California.

97.     The Product that Plaintiffs purchased and consumed was a ready-to-eat product, intended for consumption without further preparation, cooking, or other step.

98.     A ready-to-eat product that is contaminated is adulterated within the meaning of Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 342(a), and implementing regulations, and California's Sherman Food, Drug, and Cosmetic Act, Cal. Health & Safety Code § 110545.  In addition, a ready-to-eat product that is contaminated is defective, unreasonably dangerous, and not fit for human consumption.  The subject product was adulterated, as well as being defective, unreasonably dangerous, and not fit for human consumption.

99.     The Product was expected by Defendant to reach all consumers, and to be consumed by them, without any substantial change, and the Product did in fact reach the Plaintiffs without any substantial change in the product.

100.    Plaintiffs consumed the Product, having received the same without any substantial change occurring, and they consumed the Product in the manner expected and intended, including when they consumed it.

101.    Plaintiffs became seriously ill as a result of consuming the defective

and unreasonably dangerous Product.  Further, Plaintiffs suffered severe injury as alleged above, as a direct and proximate result of the consumption of the Product.  Accordingly, the Defendant is strictly liable to Plaintiffs for all damages proximately caused by the manufacture and sale of a defective and unreasonably dangerous food product or food product ingredient.

**FIFTH CAUSE OF ACTION**

**NEGLIGENCE & NEGLIGENCE PER SE**

**INDIVIDUALLY**

102.   Plaintiffs repeat and reallege the preceding paragraphs as though fully set forth herein.

103.   Defendant was negligent in the manufacture, sale, or distribution of the Product, thus causing the subject illness, and thus causing Plaintiffs' injuries.

104.   More specifically, Defendant owed a duty to properly supervise, train, and monitor employees, or the employees of its agents or subcontractors, in the preparation of the product or product-ingredients it sold, doing so to ensure compliance with Defendant's own specifications and performance standards, as well as to ensure compliance with all applicable health regulations, including the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 342(a), implementing regulations, 21 C.F.R. § 109.3(c) & (d), FDA Good Manufacturing Practices regulations, 21 C.F.R. Part 110, Subparts (A)-(G), and California's Sherman Food, Drug, and Cosmetics Act, § 402(a), as codified at 21 U.S.C. § 342(a), which bans the manufacture, sale and distribution of any "adulterated" food, and California's Sherman Food, Drug, and Cosmetic Act, Cal. Health & Safety C. § 110545, which imposes an identical ban on such adulteration.

105.   Under both federal and applicable state law, food is adulterated if it contains a "poisonous or deleterious substance, which may render it injurious to health." Foreign contaminants such as maggots is such a substance.  Thus, by

either manufacture, distribution, storage, or sale of the Product, Defendant breached its statutory and regulatory duties, and the Plaintiffs were injured as a direct and proximate result of such breach.

106.   Defendant's negligent acts and omissions included, but were not limited to:

        a.   Failure to prevent the contamination of the product by maggots, including the failure to implement or non-negligently perform inspection and monitoring of the product such that its adulterated condition would be discovered prior to its sale or distribution to the public for human consumption.

        b.   Failure to properly supervise, train, and monitor its employees, or the employees of its agents or subcontractors, on how to ensure the manufacture, distribution or sale of food free from adulteration by potentially dangerous pathogens.

107.   The federal and state food safety regulations applicable here, and as set forth above, establish a positive and definite standard of care in the import, manufacture, distribution and sale of food, and the violation of these regulations constitutes negligence *per se*.

108.   Plaintiffs are in the class of persons intended to be protected by these statutes and regulations, and are injured as the direct and proximate result of Defendant's violation of applicable federal, state and local food safety regulations.

109.   Defendant breached the aforementioned duties as alleged above, which the breach of constituted the proximate cause of injury to the Plaintiffs.

**SIXTH CAUSE OF ACTION**

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## INDIVIDUALLY

110.   Plaintiffs repeat and reallege the preceding paragraphs as though fully set forth herein.

111.   Defendant knew or should have known that its failure to exercise due care in the performance of its duties would cause Plaintiffs severe emotional distress.

112.   As a proximate result of Defendant's acts as alleged above, Plaintiffs suffered severe emotional distress and mental suffering all to their detriment.

113.   In committing the acts alleged in this Complaint, Defendant knew or should have known of the defective, unsafe, and dangerous conditions of the Products that it manufactured and sold to Plaintiffs.  In committing the acts described in this Complaint, Defendant acted in conscious disregard of the rights and safety of Plaintiffs and are guilty of malice, oppression, and/or fraud thereby warranting an assessment of punitive damages in an amount appropriate to punish the Defendant and deter others from engaging in similar wrongful conduct.

## MISCELLANEOUS

114.   Plaintiffs and Class Members allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action or all such obligations or conditions are excused.

## REQUEST FOR JURY TRIAL

115.   Plaintiffs requests a trial by jury as to all claims so triable.

## PRAYER FOR RELIEF

116.  Plaintiffs, on behalf of herself and the Class, requests the following

relief:

    (a)    An order certifying the Class and appointing Plaintiffs as Representative of the Class;

    (b)    An order certifying the undersigned counsel as Class Counsel;

    (c)    An order requiring PEPSICO INC., at its own cost, to notify all Class Members of the unlawful and deceptive conduct herein;

    (d)    An order requiring PEPSICO INC. to engage in corrective advertising regarding the conduct discussed above;

    (e)    Actual damages suffered by Plaintiffs and Class Members as applicable or full restitution of all funds acquired from Plaintiffs and Class Members from the sale of misbranded Class Products during the relevant class period;

    (f)    Punitive damages, as allowable, in an amount determined by the Court or jury;

    (g)    Any and all statutory enhanced damages;

    (h)    All actual damages suffered by Plaintiffs;

    (i)    All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;

    (j)    Pre- and post-judgment interest; and

    (k)    All other relief, general or special, legal and equitable, to which Plaintiffs and Class Members may be justly entitled as deemed by the Court.

//
//
//
//
//

CLASS ACTION COMPLAINT

Dated:  October 11, 2016          Respectfully submitted,

LAW OFFICES OF TODD M. FRIEDMAN , PC


By: /s Todd. M. Friedman
      TODD M. FRIEDMAN, ESQ.
      Attorney for Plaintiffs Larriel Williams
      and Lalonie Williams

CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT A

CLRA NOTICE LETTER

CLASS ACTION COMPLAINT

# Law Offices of Todd M. Friedman, P.C.

**Attorneys for Consumers**
**324 S. Beverly Dr., #725**
**Beverly Hills, CA 90212**
**877-206-4741 Toll Free**
**866-633-0228 Facsimile**
**California Office**
**www.AttorneysForConsumers.com**

**E-mail: TFriedman@AttorneysForConsumers.com**

**Writer licensed in:**
**California**
**PENNSYLVANIA**
**ILLINOIS**

**August 22, 2016**

**Via U.S. Certified Mail to:**
**PEPSICO INC.**
**700 Anderson Hill Road,**
**Purchase, New York 10577-1444**

### Notice of Violations of CLRA Pursuant to Cal. Civ. Code §§1782(a)(2)

**Re:** *Larriel Williams & Lalonie Williams v. Pepisco Inc. d/b/a Spitz International*

To Whom It May Concern:

Please be advised that our office represents Larriel Williams and Lalonie Williams ("Plaintiffs") in pursuing legal claims against Pepsico, Inc. ("Pepsico" or "Defendant") for violations of the Consumer Legal Remedies Act ("CLRA"), and California Business and Professions Code §17200 ("UCL") and § 17500 ("FAL").

Having been formally notified of our representation, we respectfully demand you not contact our client for any reason. Instead, please direct all future contact and correspondence to this office. We reserve the right to seek injunctive relief against you should you fail to honor these directives.

The purpose of this letter is to advise your company of its violations and to quickly resolve the matter of my client's right to compensation for the same, without resorting to expensive and unnecessary litigation. Before additional damages accrue, including needless attorney fees, we should work together expeditiously to correct the inequity that occurred in connection with your company's handling of the matters detailed below. Thus, please accept this correspondence as notice pursuant to the CLRA, of Defendant's violations thereof. Be advised, you have thirty (30) calendar days from the date of receipt of this notice, to correct, repair, replace, or otherwise rectify the goods or services alleged to be in violation of § 1770 of the CLRA, as further outlined below.

Please review the violations set forth below and contact our offices immediately, to discuss settlement.

1

**Facts**

On or around February 2, 2016, Plaintiffs purchased a package of Spitz Sunflower Seeds ("the Product") from a Chevron Gas Station located at 2032 S. Avalon Boulevard, Carson CA 90746. Relying on the assurance that the Product would be edible, Plaintiffs purchased the Product and attempted to consume it. At this point, Plaintiffs discovered that the Product contained maggots and dirt rendering the product inedible. Upon returning to the Chevron location to complaint, Plaintiffs discovered that the other Products sold by Defendant also contained maggots and dirt.

Defendant advertised that the Product would be edible and enjoyable, when in reality it contained defects rendering it unsafe for consumption. Defendant failed to properly market, advertise, and represent the Products such that a reasonable consumer would be on notice of this defect.

**CLRA (*Cal. Civ. Code* §17500 et seq.) Violations**

Among other things, the CLRA prohibits the following "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction to result or which results in the sale or lease of goods or services" to a consumer:

1.  Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have. Cal. Civ. Code § 1770(5);
2.  Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.  Cal. Civ. Code § 1770(7);
3.  Advertising goods or services with intent not to sell them as advertised; Cal. Civ. Code §1770(9);
4.  Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; Cal. Civ. Code §1770(14); and
5.  Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not; Cal. Civ. Code §1770(16);

Further, under the CLRA, a consumer may recover actual damages, an order enjoining any such practices that are prohibited by the CLRA, restitution of property, punitive damages and reasonably attorney's fees and costs. *Cal. Civ. Code* §1788 (a) and (d).

By engaging in the conduct detailed above and representing its Product as edible when in fact it contained maggots and dirt rendering it inedible, Defendant violated subsections (5), (7), (9), (14), and (16) of the CLRA, thereby entitling Plaintiffs to the recovery of actual damages, punitive damages, attorney's fees and costs.

**Unfair Competition Law (*Cal. Bus. Prof. Code* §17200)**

2

The Unfair Competition Law, Cal. Bus. Prof. C. §17200 prohibits unlawful, unfair or fraudulent business acts or practices, and subjects anyone engaging in such conduct to a civil penalty of $2,500 for each violation thereof. *Cal. Bus. Prof. Code* §17200 and §17206. Further, any person may bring an action to enjoy or restrain any violation of this act and recover actual damages resulting from such violations. *Cal. Bus. Prof. Code* §4381(b)-(c).

Mophie engaged in fraudulent, unfair and unlawful business practices through its conduct and violated the UCL. Mophie made representations to Plaintiff that its Product would increase the battery life of his device when in reality it significantly damaged the internal battery of Plaintiff's device and decreased its battery life, and this amounts to fraudulent and unfair business practices. Further, as noted above, Defendant's conduct violates numerous provisions of the CLRA, and thus said conduct constitutes unlawful business practices. Defendant's conduct entitles Plaintiff to statutory penalties of $2500 per violation, as well as actual damages, and attorney's fees and costs.

### False Advertising Law (*Cal. Bus. Prof. Code* §17500)

The False Advertising Law, Cal. Bus. Prof. C. §17500 prohibits engaging in advertising "which is untrue or misleading, and which is known, or which by exercise of reasonable care should be known, to be untrue or misleading", and subjects anyone engaging in such conduct to a civil penalty of $2,500 for each violation thereof. *Cal. Bus. Prof. Code* §17206. Further, any person may bring an action to enjoy or restrain any violation of this act and recover actual damages resulting from such violations. *Cal. Bus. Prof. Code* §4381(b)-(c).

Defendant engaged in making untrue and misleading statements that violated the FAL. Defendant made misrepresentations as to the nature of the Product it was selling, in particular that it was edible and able to be consumed safely, when in fact it contained defects rendering it inedible. Defendant's conduct entitles Plaintiffs to statutory penalties of $2500 per violation, as well as actual damages, and attorney's fees and costs.

### Demand

Please contact our offices within twenty (21) days of your receipt of this correspondence, to discuss settlement. Also, please be aware of the CLRA notice provided herein.

Best regards,

Todd M. Friedman
Attorney at Law

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT B

CLRA VENUE AFFIDAVIT

CLASS ACTION COMPLAINT

1  Todd M. Friedman (SBN 216752)
2  Adrian R. Bacon (SBN 280332)
   Meghan E. George (SBN 274525)
3  Thomas E. Wheeler (SBN 308789)
4  LAW OFFICES OF TODD M. FRIEDMAN, P.C.
   21550 Oxnard St. Suite 780,
5  Woodland Hills, CA 91367
6  Phone: 877-206-4741
7  Fax: 866-633-0228
   tfriedman@attorneysforconsumers.com
8  abacon@attorneysforconsumers.com
9  mgeorge@toddflaw.com
   twheeler@toddflaw.com
10 *Attorneys for Plaintiffs, Larriel Williams and Lalonie Williams*

11
                    UNITED STATES DISTRICT COURT
12                  CENTRAL DISTRICT OF CALIFORNIA
13
   LARRIEL WILLIAMS and           Case No.:
14 LALONIE WILLIAMS, on behalf
   of themselves and all others    **CONSUMER        LEGAL**
15 similarly situated,             **REMEDIES    ACT    VENUE**
16                                 **AFFIDAVIT; CCP § 1780**
                    Plaintiffs,
17
         vs.
18
   PEPSICO INC. d/b/a SPITZ
19 INTERNATIONAL, and DOES 1-
   10, inclusive,
20
21                  Defendant.

22
   I, Lalonie Williams, declare and state as follows:
23
24    1.  I am the plaintiff in this matter, and specifically have brought a claim for

25        Violations of the Consumer Legal Remedies Act.
26
27    2.  The defendant to this cause of action, PEPSICO INC., was doing business

28        in Los Angeles County California, namely, by advertising and selling its

                                    - 1 -

products in retail establishments, including the Chevron store located at 20320 S. Avalon Boulevard, Carson CA 90746, which is where I and my sister purchased the Spitz Sunflower Seeds that is the subject of this cause of action.

3. The transactions which are the subject of the cause of action as set forth in paragraphs 29 through 60 of the Complaint, occurred in Los Angeles County.

4. I am a citizen and resident of the State of California, County of Los Angeles.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 10th day of October, 2016, at Carson, California.


_La'lonie Williams_____
Lalonie Williams